## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| STEPHEN GILLIS SMITHERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NO. |
| | ) | |
| | ) | _____ |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| JUSTICE, FEDERAL BUREAU OF | ) | |
| INVESTIGATION, AND BUREAU OF | ) | |
| ALCOHOL, TOBACCO, FIREARMS | ) | |
| AND EXPLOSIVES, AN AGENCY OF | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### PARTIES

1. The Plaintiff, Stephen Gillis Smitherman, is a resident citizen of Selma, Dallas County, Alabama, who is over 19 years of age.

2. The Defendant, United States Department of Justice, acting through its Federal Bureau of Investigation (FBI) and Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), is an agency of the United States of America.

### JURISDICTION AND VENUE

3. This action arises under a federal statute, 18 U.S.C. § 925A (Remedy for Erroneous Denial of Firearm), and jurisdiction is proper under 28 U.S.C. § 1331 (Federal Question), and 28 U.S.C. § 1346 (United States a Party).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1).

FACTS

5.  On or about August 24, 2016, the Plaintiff made an application to purchase a firearm from an Alabama federally licensed gun dealer. At that time, the dealer initiated a National Instant Criminal Background Check (NICS), pursuant to which the Plaintiff was advised that his application to purchase the firearm had been denied.

6.  After the Plaintiff learned of the denial by the NICS, he made inquiry (Initial Appeal Request) concerning the NICS transaction denial, which was assigned Number 1000RV82F.  From the Defendant's "initial appeal request" and by document dated 9/14/2016, the Plaintiff received an email response from the Defendant advising him that his appeal had been successfully submitted and that he would receive a response providing him with the general reason for the denial within five business days.  A copy of this document is attached as Exhibit A hereto.

7.  By letter dated September 19, 2016, from the NICS section of the CJIS division of the Defendant U.S. Department of Justice, Federal Bureau of Investigation, the Plaintiff was advised, in pertinent part, as follows:

"The reason for denial is under the following prohibition:

Title 18, United States Code, Section 921 (a) (20) and 922 (g) (1): A person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year or any state offense classified by the state as a misdemeanor and is punishable by a term of imprisonment of more than two years."

The Defendant's letter further advised the Plaintiff that if he wished to challenge the accuracy of the denial, he could submit certified Court documents pertaining to the prohibiting record, or he could submit a set of his rolled fingerprints. A copy of the Defendant's letter of September 19, 2016, is attached as Exhibit B hereto.

8. By letter addressed to the Defendant, FBI Criminal Justice Information Services Division,

National Instant Background Check System Section, Appeal Services Team, dated October 13, 2016, from the Plaintiff's attorney, John W. Kelly, III, the Plaintiff made a challenge to the accuracy of the denial of the NICS transaction, and he enclosed therewith a set of the rolled fingerprints of Mr. Stephen Gillis Smitherman together with a copy of the judgment including sentence in the case of *United States vs. Smitherman* brought in the United States District Court for the Southern District of Alabama, Case No. CR.89-00021-CB, and in which Mr. Smitherman was adjudged guilty of a violation of 21 U.S.C. § § 844(a), 846, attempt to possess Schedule II controlled substance (cocaine) (Count Two), and 18 U.S.C. § 242, deprivation of civil rights (Count Three), and pursuant to which he was sentenced to be imprisoned for a term of six months, without parole, as to Count Two, and six months, without parole, as to Count Three, to run concurrently.  Count One of the indictment against Mr. Smitherman was dismissed on motion of the United States.  The letter from Mr. Kelly further advised that, "Since the crimes for which Mr. Smitherman was convicted were not punishable by imprisonment for a term exceeding one year, he should not have been denied with respect to the NICS transaction identified in his firearm appeal."   A copy of Mr. Kelly's October 13, 2016 letter to the Defendant, with all attachments, is attached as Exhibit C hereto.

9.  By letter dated October 25, 2016, from the Defendant NICS Section, CJIS Division, to Plaintiff's attorney, John W. Kelly, III, Mr. Kelly was advised that Mr. Smitherman's prohibition was under Title 18, United States Code Sections 921(a)(20) and 922(g)(1), "A person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year or any state offense classified by the state as a misdemeanor and is punishable by a term of imprisonment of more than two years".   Mr. Kelly was further advised that the Plaintiff's appeal request had been forwarded for "further processing".  A copy of the Defendant's letter of October 25, 2016, is attached

as Exhibit D hereto.

10.  By letter dated February 5, 2019, from Dallas County Sheriff Michael L. Granthum to the Plaintiff, the Plaintiff was advised that during a routine check of a local firearms dealer, it was *alleged* by the ATF that the Plaintiff had been able to purchase a shotgun with a permit issued by former Sheriff Harris Huffman.  This letter further stated "ATF contacted the Dallas County Sheriff's office and advised that you were convicted of a felony (federal). Your Dallas County permit is no longer valid."  The Plaintiff was asked by Sheriff Granthum to bring his permit to the Sheriff's Office and was told that a copy of his permit would be sent to the ATF to show compliance by both parties. A copy of Sheriff Granthum's letter to the Plaintiff dated February 5, 2019, is attached as Exhibit E hereto.

11.  By letter dated June 18, 2020, from Defendant Biometric Services Section, CJIS Division, U.S. Department of Justice, Federal Bureau of Investigation, addressed to Plaintiff's attorney, John W. Kelly, III, Mr. Kelly was advised that the material submitted by Mr. Kelly on the Plaintiff's appeal "does not nullify your client's transaction prohibition because, it validates a felony level."

> "The FBI's Criminal Justice Information Services (CJIS) Division has verified the accuracy of the prohibiting record(s).  The agency that originated the document upon which the denial is based is as follows:
>
> > U.S. District Court
> > 113 Saint Joseph Street
> > Mobile, AL 36602"

Attached to the Defendant's June 18, 2020, letter are several pages which identify the documents received by the Defendant identifying Mr. Smitherman's record of criminal charges and convictions. These identify:   a charge for the possession of marijuana for personal use for which the defendant

-4-

was arrested in 1974, based on information furnished by the Sheriff's Office in Mobile, Alabama; a charge for obstruction of justice, which was dismissed; a charge for attempted possession of cocaine, for which the Plaintiff was convicted and sentenced to six months incarceration; and a charge for civil rights violation (assault), for which the Plaintiff was convicted and sentenced to six months incarceration to run concurrently with the six month sentence for the attempted possession of cocaine. The documentation for these charges and convictions was furnished by the United States District Court for the Southern District of Alabama in Mobile.  There were no other charges or convictions contained in the documents attached to the Defendant's June 18, 2020, letter. A copy of the Defendant's letter to John W. Kelly, III, dated June 18, 2020, with attachments is attached as Exhibit F hereto.

12.  Although not disclosed by the Defendant in the criminal history records furnished with this letter of June 18, 2020, attached as Exhibit F, hereto, the charge against the Plaintiff for the possession of marijuana for his personal use was *nol prossed* by Certificate of Judgment entered by the Honorable Thomas F. Sweeney, Judge of the District Court of Alabama of Mobile County, a copy of which is attached as Exhibit G hereto.[1]

13.  While the documents attached to Exhibit F show that the Plaintiff was arrested in 1989, on the federal indictment charging obstruction of justice, attempted possession of cocaine, and civil rights violation (assault), these documents do not show the date of the *commission* of the civil rights violation.  That offense was committed by the Plaintiff on *November 10, 1988*, as reflected by the indictment filed against the Plaintiff in the *United States vs. Smitherman*.

---

[1] The Defendant's document attached to Exhibit F reflects that the Plaintiff was arrested on January 8, 1974.  This is in error, as the correct date of his arrest as shown by the Certificate of Judgment attached as Exhibit G is 1/8/1975.

14.   At the time of the filing of this complaint, the Plaintiff has exhausted all administrative

remedies for the wrongful denial of his application to purchase a firearm and has also been denied a

pistol permit through the direct intervention of the Defendant's agents (ATF) with the permit issuing

authority, and without due process of law.

CLAIMS FOR RELIEF

COUNT ONE

15.   The Plaintiff adopts and re-alleges by reference the foregoing paragraphs 1 through 14

of this Complaint.

16.   This action arises under 18 U.S.C. § 925A, which states as follows:

"Any person denied a firearm pursuant to subsection (s) or (t) of section 922 -

(1) due to the provision of erroneous information relating to the person by any
State or political subdivision thereof, or by the national instant criminal background
check system established under section 103 of the Brady Handgun Violence
Prevention Act; or

(2) who was not prohibited from receipt of a firearm pursuant to subsection
(g) or (n) of section 922,

may bring an action against the State or political subdivision responsible for
providing the erroneous information, or responsible for denying the transfer, or
against the United States, as the case may be, for an order directing that the erroneous
information be corrected or that the transfer be approved, as the case may be.  In any
action under this section, the court, in its discretion, may allow the prevailing party
a reasonable attorney's fee as part of the costs."

17.   The Plaintiff avers that he has been wrongfully denied a firearm due to the provision of

erroneous information relating to him by the National Instate Criminal Background Check System

(NICS), and he further avers that he is a person who is not prohibited from receipt of a firearm

pursuant to subsection (g) or (n) of Section 922.

18.   The Plaintiff respectfully submits that the Defendant has erroneously concluded that the

Plaintiff was convicted of and sentenced for the commission of a felony offense, i.e., an offense for which the punishment is greater than one year.

    A.  As noted in the foregoing paragraphs, the only Count of the Indictment against the Plaintiff in *United States vs. Smitherman* alleging commission of a felony offense was Count One alleging obstruction of justice (intimidation of a witness) and Count One was *dismissed*.

    B.  Count Two of the indictment in *United States vs. Smitherman* alleged a violation of 21 U.S.C. §§ 844(a) and 846.  The operative language for imposition of a penalty for this offense is the following from 21 U.S.C. § 844(a), stating:

> "Any person who violates this subsection may be sentenced to a term of imprisonment of *not more than 1 year*, and shall be fined a minimum of $1,000, or both, except that if he commits such offense after a prior conviction under this title or title III, or a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State, has become final, he shall be sentenced to a term of imprisonment for not less than 15 days but not more than 2 years, . . ."  (Emphasis added.)

Therefore, the attempted possession of cocaine conviction is a misdemeanor offense *unless* the government proves a prior conviction of a drug, narcotic or chemical offense chargeable under the law of any state.  The only possible charge identified by the Defendant, i.e., possession of marijuana for personal use, was *nol prossed* by the District Court of Mobile County in 1975 (Exhibit G), and no record of any court establishes the Plaintiff's prior conviction of any other drug offense. Accordingly the Plaintiff's conviction on Count Two was a misdemeanor punishable by not more than one year.

    C.  The third Count of the Indictment alleged a violation of 18 U.S.C. § 242 for deprivation of rights under color of law.  The operative language for imposition of a penalty for this offense states:

> ". . . shall be fined under this title or imprisoned *not more than one year* or both; and

if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years or both; . . . ." (Emphasis added.)[2]

19.   The Plaintiff further avers that he has been wrongfully caused to suffer the revocation of his pistol permit lawfully issued by the Office of the Sheriff of Dallas County, Alabama, as a result of erroneous information provided by federal ATF agents to the Sheriff of Dallas County, Alabama, who erroneously stated that the Plaintiff had been convicted of a federal felony offense.

WHEREFORE, the Plaintiff demands judgment against the Defendant and prays this Honorable Court for the entry of an Order:

(1) directing the Defendant to correct the erroneous information which has resulted in the denial of his effort to purchase a firearm and the wrongful revocation of his pistol permit;

(2) directing that the firearm transfer made the subject of this action and identified by NICS Transaction Number (NTN) 1000RV82F be approved ;

---

[2]   To the extent that the Defendant may contend that Count Three  alleged the commission of a felony offense because of an allegation of bodily injury to the victim, that portion of 18 U.S.C. § 242, which allows for imprisonment of not more than ten years was *not in effect* on November 10, 1988, when the Defendant committed the offense alleged in Count Three of the indictment.  This additional penalty language was *added* by an amendment to the Anti-Drug Abuse Act of 1988, enacted on *November 18, 1988*, as statute 102 Stat. 4181, 100 P.L. 690 (Nov. 18, 1988), stating as follows:

"Section 242 of title 18, United States Code, is amended by inserting 'and if bodily injury results shall be fined under this title or imprisoned not more than ten years, or both,' after 'both;'."

It has been well established since the early days of the Republic that every law that changes the punishment and inflicts a greater punishment than the law annexed to the crime, when committed, is an *ex post facto* law which violates the Constitution of the United States.  See *Lindsey vs. Washington*, 301 U.S. 397, 401 (1937), citing, and quoting with approval from, *Calder vs. Bull*, 3 U.S. 386, 390 (1798).  Therefore, the Defendant's violation of Count Three could only have been a misdemeanor offense punishable by imprisonment of not more than one year.

-8-

(3) directing federal ATF agents who wrongfully advised the Sheriff of Dallas County, Alabama, Michael Granthum, that the Plaintiff had been convicted of a federal felony offense which disqualified him from the possession of a pistol permit, to correct this erroneous misinformation;

(4) awarding the Plaintiff's counsel a reasonable attorney's fee as part of the costs taxed against the Defendant in this action; and

(5) awarding such other relief as may be authorized by law and appropriate in this action.


*s/John W. Kelly, III*
John W. Kelly, III (KELLJ8316)
J. Wesley Kelly, IV (KELLJ1759)
Attorneys for the Plaintiff
KELLY AND KELLY
530 Tremont Street
P.O. Box 303
Selma, Alabama 36702-0303
Telephone: (334) 875-5770
Fax: (334) 875-5772
E-mail: jkel@bellsouth.net


STATE OF ALABAMA        )
                                                    VERIFICATION OF DOCUMENTS
COUNTY OF DALLAS       )


Comes now John W. Kelly, III, attorney at law, who is known to me, and after first being duly sworn on oath verifies that the copies of the documents attached to this Complaint as Exhibits A through G are true and correct copies of the originals of said documents.



_Grace H Andres_
Notary Public
State of Alabama at Large
My Commission expires: _10-23-2021_

-9-