**KELLY & KELLY**
ATTORNEYS AT LAW
530 TREMONT STREET
P.O. BOX 303
SELMA, ALABAMA 36702-0303
e-mail: jkel@bellsouth.net

John W. Kelly, III
J. Wesley Kelly, IV

TEL (334) 875-5770
FAX (334) 875-5772

October 13, 2016

<u>CERTIFIED MAIL - RETURN RECEIPT REQUESTED</u>

FBI Criminal Justice Information Services Division
National Instant Background Check System Section
Appeal Services Team
P.O. Box 4278
Clarksburg, WV 26302-4278

In Re:  **Stephen Gillis Smitherman**
**1124 ½ Water Avenue**
**Selma, AL 36701**

**Firearm Appeal**
**National Instant Criminal Background Check**
**System (NICS) Transaction**
**Number (NTN) - 1000RV82F**

Dear NICS Section CJIS Division:

Please accept this letter as a challenge on behalf of the above referenced Stephen Gillis Smitherman to the accuracy of the denial of the NICS transaction identified above, as per your letter to Mr. Smitherman of September 19, 2016, a copy of which is attached.

Enclosed please find a set of the rolled fingerprints of Mr. Stephen Gillis Smitherman together with a copy of the judgment including sentence in the case of United States of America vs. Stephen G. Smitherman brought in the United States District Court for the Southern District of Alabama, Case No. CR.89-00021-CB, and in which Mr. Smitherman was adjudged guilty of a violation of 21 U.S.C. 846, attempt to possess Schedule II controlled substance (cocaine) (Count 2), and 18 U.S.C. 242, deprivation of civil rights (Count 3), and pursuant to which he was sentenced to be imprisoned for a term of six months, without parole, as to Count 2, and six months, without parole, as to Count 3, to run concurrently with each other. Count 1 of the indictment against Mr. Smitherman was dismissed on motion of the United States. Since the crimes for which Mr. Smitherman was convicted were not punishable by imprisonment for a term exceeding one year, he should not have been denied with respect to the NICS transaction identified in his firearm appeal.

If there are other records of the conviction and sentencing of Mr. Smitherman which support denial, I request that you please forward a description of such conviction and sentencing.

## <u>EXHIBIT C</u>

FBI Criminal Justice Information Services Division
Page 2
October 13, 2016

Enclosed herewith is authorization to release to the undersigned criminal history of Mr. Stephen G. Smitherman.

Should any further information be necessary, please contact the undersigned.

Sincerely yours,

John W. Kelly, III

Enclosures

cc:   Mr. Stephen G. Smitherman

| APPLICANT | LEAVE BLANK | TYPE OR PRINT ALL INFORMATION IN BLACK | | FBI LEAVE BLANK |
|---|---|---|---|---|
| FD-258 (REV.3-1-10)  1110-0046 | | LAST NAME NAM SMITHERMAN, | FIRST NAME MIDDLE NAME STEPHEN GILLIS | |
| SIGNATURE OF PERSON FINGERPRINTED *Stephen Gillis Smitherman* | | ALIASES AKA | ORI | |
| RESIDENCE OF PERSON FINGERPRINTED 418 IVANHOE DR, SELMA, AL, 36701 | | | | DATE OF BIRTH DOB Month Day Year 07/05/1950 |
| DATE 7/28/16 SIGNATURE OF OFFICIAL TAKING FINGERPRINTS | | CITIZENSHIP CTZ US | SEX RACE HGT. WGT. EYES HAIR M W 600 194 BRO BRO | PLACE OF BIRTH POB AL |
| EMPLOYER AND ADDRESS SELMA HOUSING DEVELOPMENT | | YOUR NO. OCA | LEAVE BLANK | |
| | | FBI NO. FBI | | |
| | | ARMED FORCES NO. MNU | CLASS | |
| REASON FINGERPRINTED SECURITY CLEARANCE | | SOCIAL SECURITY NO. SOC 424663899 | REF. | |
| | | MISCELLANEOUS NO. MNU | | |

| 1. R. THUMB | 2. R. INDEX | 3. R. MIDDLE | 4. R. RING | 5. R. LITTLE |
| 6. L. THUMB | 7. L. INDEX | 8. L. MIDDLE | 9. L. RING | 10. L. LITTLE |

LEFT FOUR FINGERS TAKEN SIMULTANEOUSLY | L. THUMB | R. THUMB | RIGHT FOUR FINGERS TAKEN SIMULTANEOUSLY

AO 245 S (3/88) Sheet 1 - Judgment Including Sentence Under the Sentencing Reform Act

# United States District Court

SOUTHERN District of ALABAMA

UNITED STATES OF AMERICA
V.
STEVEN G. SMITHERMAN,
a/k/a STEVE SMITHERMAN

**JUDGMENT INCLUDING SENTENCE UNDER THE SENTENCING REFORM ACT**

Case Number   CR. 89-00021-CB

(Name of Defendant)

HENRY PITTS and BARRY HESS
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s) __2 & 3__.
☐ was found guilty on count(s) ____ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 21 USC 846 | Attempt to possess Schedule II controlled substance (cocaine) | 2 |
| 18 USC 242 | Deprivation of civil rights | 3 |

The defendant is sentenced as provided in pages 2 through __5__ of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ____, and is discharged as to such count(s).
☒ Count(s) __1__ (is)(are) dismissed on the motion of the United States.
☒ The mandatory special assessment is included in the portion of this Judgment that imposes a fine.
☐ It is ordered that the defendant shall pay to the United States a special assessment of $ ____, which shall be due immediately.

   It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec. Number:

Defendant's mailing address:

Defendant's residence address:
SAME

MAY 24, 1989
Date of Imposition of Sentence

Signature of Judicial Officer
CHARLES R. BUTLER, JR.
UNITED STATES DISTRICT JUDGE
Name & Title of Judicial Officer

MAY 24, 1989
Date

Certified to be a true and correct copy of the original.
Charles R. Diard, Jr.
U.S. District Court
Southern District of Alabama
By _[signature]_
Deputy Clerk
Date 10/07/2016

AO 245 S (6/88) Sheet 2 - Imprisonment

Defendant: STEVEN G. SMITHERMAN, a/k/a STEVE SMITHERMAN
Case Number: CR. 89-00021-CB

Judgment—Page 2 of 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of SIX (6) MONTHS, without parole, as to Count 2 and SIX (6) MONTHS, without parole, as to Count 3, to run concurrently with each other.

☒ The Court makes the following recommendations to the Bureau of Prisons:
   that the defendant be confined at Federal Prison Camp, Maxwell Air Force Base, Montgomery, Alabama.

☐ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district,
   ☐ at _____ a.m./p.m. on _____.
   ☐ as notified by the Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons
   ☐ before 2 p.m. on _____.
   ☒ as notified by the United States Marshal.
   ☐ as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Judgment—Page 3 of 5

Defendant: STEVEN G. SMITHERMAN, a/k/a STEVE SMITHERMAN
Case Number: CR. 89-00021-CB

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ONE (1) YEAR as to Count 2 and ONE (1) YEAR as to Count 3, to run concurrently with each other.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

☐ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

Special conditions of the defendant's supervised release term are:

1.) That he not take any illicit drugs or abuse alcohol.
2.) That he participate in a Drug and/or Alcohol Abuse Program as and when directed to do so by the U. S. Probation Office.
3.) That he participate in a Mental Health Program as & when directed to do so by the U. S. Probation Office.

AO 245 S (3/88) Sheet 5 - Standard Conditions of Probation

Judgment—Page 4 of 5

Defendant: STEVEN G. SMITHERMAN, a/k/a STEVE SMITHERMAN
Case Number: CR. 89-00021-CB

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

AUTHORIZATION TO RELEASE CRIMINAL HISTORY INFORMATION
AND RELEASE OF LIABILITY

TO: FBI/CJIS Division/NICS Section, Attention: Legal Analysis Team, P.O. Box 4278, Clarksburg WV 26302-4278

I, the undersigned, hereby authorize the FBI Criminal Justice Information Services (CJIS) Division's National Instant Criminal Background Check System (NICS) Section to release to my attorney _____John W. Kelly, III_____,
                                                                                        Name

__P.O. Box 303, Selma, AL 36702__ (__334__) __875-5770__, information which shall
            Address                              Phone Number

include, but not be limited to, my entire criminal history, any information relative to my criminal history, and the details of my background check for the purchase/redemption of a firearm for NICS Transaction Number (NTN) __1000RVB2F__. In addition, I authorize the FBI/NICS Section to discuss any information regarding procedures for updating or correction of its records, as appropriate, as permitted by law and policy. This may include requests from the NICS Section to my attorney for information, clarification of information, and/or submission of additional documentation on my behalf. **NOTE: The reference to "my attorney" in this document includes not only the individual lawyer named above but also any other attorney, paralegal, co-worker, or employee with whom he or she presently is professionally associated and who adequately establishes that association to the NICS Section.**

I further release the FBI and the NICS Section from any and all liability of any kind for releasing any and all information as described and agree to indemnify and hold the FBI and the NICS Section harmless for any damages or injury which might result directly or indirectly from the release of same.

The foregoing authorization shall continue in full force and effect until revoked by me in writing. A photocopy of this authorization shall be considered the same as the original.

Printed Full Name: __STEPHEN GILLIS SMITHERMAN__

Date of Birth: __7-5-50__

Social Security Number: __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__

Signature: __[signature]__ Date: __9/28/16__

Witness Signature: __[signature]__ Date: __9/28/16__